IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| LINDA ANN WRIGHT, *pro se*, | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION CAUSE NUMBER |
| v. | § § | 2:15-CV-214-J |
| UNITED STATES OF AMERICA, CALIFORNIA, *et al.*, | § § § | |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pleading filed on October 21, 2015, by Defendant Mobility Solutions entitled "Original Answer of Defendant Mobility Solutions." Defendant's original answer is a "general denial" answer under Rule 92 of the Texas Rules of Civil Procedure. That state procedural rule does not apply in federal courts. In addition, neither this pleading or Plaintiff's amended complaint state what type of entity Defendant Mobility Solutions is – a corporation, a partnership, or some form of general or limited liability entity. This pleading is signed for the Defendant by Brian Selman as "Representative" of the Defendant. The record does not reflect that Brian Selman is a licensed attorney authorized to appear in this federal court.

Within twenty-one (21) days from the date of this Order Defendant Mobility Solutions is to file a proper answer pursuant to the federal rules of civil procedure, which do not permit general denial answers. That amended answer must specifically state what type of entity Mobility Solutions is.

The Defendant is cautioned that *pro se* defendants cannot sign and file an answer or other appearance in their representative capacity as officers, directors or other type of "representative" of defendant corporations, even if they are the sole shareholders and its president. Corporations, general or limited partnerships, and all other types of artificial entities cannot appear *pro se*. The clear rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982).

*Accord Commercial & R.R. Bank of Vicksburg v. Slocomb,* 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.,* 670 F.2d 53, 56 (5th Cir. 1982). Thus, an individual plaintiff or defendant can appear *pro se* only on his or her own individual behalf and not on the behalf of a defendant corporation, a limited liability corporation (LLC), or a partnership form, even if that appearance is only to execute an original or amended answer, an agreed notice or stipulation of settlement, a joint motion for dismissal, or any other motion or pleading seeking opposed or unopposed relief.

Accordingly, if Defendant Mobility Solutions is a corporation, a partnership, or any other form of an entity which must be represented by a licensed counsel, the Defendant is hereby given twenty-one (21) days from the date of this Order to employ licensed counsel, and that counsel is required to file an entry of appearance within twenty (21) days from the date of the entry of this Order. The Court notes that the record in this case shows that Mobility Solutions was represented by an attorney in a California lawsuit involving claims asserted against it by Plaintiff Wright.

Defendant Mobility Solutions is cautioned that if it fails to file a proper answer within the time permitted, its original answer as filed may be stricken from the record.

It is SO ORDERED.

Signed this the ___26th___ day of October, 2015.

                                         **S/ Mary Lou Robinson**
                                         MARY LOU ROBINSON
                                         UNITED STATES DISTRICT JUDGE