## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## AMARILLO DIVISION

| | | |
|---|---|---|
| LINDA ANN WRIGHT, *pro se,* | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION CAUSE NUMBER |
| v. | § | |
| | § | 2:15-CV-214-J |
| UNITED STATES OF AMERICA, | § | |
| CALIFORNIA, *et al.,* | § | |
| | § | |
| DEFENDANTS. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS' MOTIONS TO DISMISS and DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST THE STATE OF CALIFORNIA

Before the Court are motions to dismiss/[1] filed by the Defendants collectively seeking dismissal of all of the claims asserted herein by *pro se* Plaintiff Linda Ann Wright, the responses in opposition filed by Plaintiff Wright, and the Defendants' replies. Also before the Court is Plaintiff's request (document 75) for entry of default judgment against Defendant State of California. For the following reasons, the motions to dismiss are granted, and the motion for entry of a default judgment is denied.

This suit is at least the second § 1983 lawsuit, and perhaps the fourth suit, filed by Plaintiff Wright asserting claims against 20 defendants alleging various harms done to herself and to her parents, and the invasion of Linda Wright's rights to property and privacy by various combinations of the Defendants. In 2014 Plaintiff Wright filed a federal lawsuit asserting the same causes of action, cause number 3:14-cv-3008-CRB in the U.S. District Court for the Northern District of California (the California federal case). On June 24, 2015, all of her causes of action were dismissed with prejudice by the California federal court. A final judgment of dismissal with prejudice was entered in favor of all of the Defendants, including persons and parties sued in this case. Plaintiff Wright appealed that final adverse judgment to the Ninth Circuit Court of Appeals. In addition, she filed this successive federal lawsuit in Amarillo, Texas.

---

[1] Documents # 16, 18, 19, 21, 24, 29, 34, 39, 44, 54, 58, 81 and 88.

Despite the fact that a final adverse judgment was rendered in favor of all of the Defendants sued in the California federal case, Plaintiff Wright brings suit in this Court against the same party Defendants who were sued in the previous California federal suit, plus three new parties.

Defendants seek dismissal on numerous grounds – Plaintiff's lack of standing to bring claims on her parents' behalf, Plaintiff's failure to state her own claims for which relief can be granted because of a plethora of pleading defects, insufficiency of service of process, immunity from suit and/or from punitive damages, and because the doctrine of *res judicata* or claim preclusion bars all of the claims asserted in this lawsuit. The Court concludes that, even if she had standing to sue on behalf of her parents, Plaintiff Wright can not prevail in this lawsuit on any of the claims asserted against all but two of the Defendants sued here, in large part because all of the claims asserted in this suit are clearly barred by the doctrine of *res judicata*.

The elements of *res judicata* are:

> (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same causes of action must be involved in both suits.

*Stevenson vs. International Paper Co.*, 516 F.2d 103, 108-09 (5th Cir. 1975). *Accord Test Masters Educ. Servs., Inc. vs. Stingh*, 428 F.3d 559, 571 (5th Cir. 2005); *Russell vs. SunAmerica Securities, Inc.*, 962 F.2d 1169 (5th Cir. 1992); *Meza vs. General Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990); *Nilsen vs. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983)(*en banc*). *Res judicata* applies even though the Supreme Court unanimously held in *Haines vs. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*, at 520-521, 92 S.Ct. at 596, quoting *Conley vs. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"If these elements are established, then the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented." *Stevenson, supra*, 515 F.2d at 108-09. There is no question in this case as to the first two required elements. The California federal court had subject matter and personal jurisdiction over the 2014 case. It asserted both federal and pendant state-law based claims, and both Plaintiff Wright and her mother resided at all time in California. After granting leave to amend, the California federal court entered a final judgment of dismissal with prejudice on the merits of all of the Plaintiff's claims and causes of action. Therefore the first two required elements are clearly met in this case.

The third and fourth required elements of the doctrine are discussed next. That discussion is lengthy because of the large number of parties sued in both cases, and the extensive list of causes of action asserted in both the 2014 and 2015 suits.

*Identity of Claims and Causes of Action*

In this 2015 suit, Plaintiff brings federal and state-law based claims. Her federal claims are asserted pursuant to 42 U.S.C. § 1983 (due process violations, illegal access of her VA records, violation of equal protection under the Fourteenth Amendment, denial of her and her father's civil rights), the Privacy Act of 1974, and 18 U.S.C. §§ 241 (criminal conspiracy to violate her civil rights) and 242 (criminal deprivation of civil rights done under color of law). She essentially alleged a widespread pattern and conspiracy by the U.S. Veteran's Administration, all branches of the U.S. government, the States of Texas and California, and others, to defy the rule of laws, to officially oppress her, to violate her right to privacy, and to harm her and her parents and their property.

Plaintiff Wright's claims based under state laws are "elder abuse" of her father, theft of her father's properties, "financial misconduct" related to her and her parents' money, falsifying documents, slander, false imprisonment of her father, civil and criminal fraud, negligence, city and state actors' failures to take preventative actions to safeguard her father's person and property, illegal attempts to "get" her father's home in Amarillo, breach of contract and breach of warranty related to her father's

purchase and use of a motorized wheelchair, and privacy violations of the financial, medical and personal histories of both herself and her father.

In her 2014 California federal suit, Plaintiff asserted claims and causes of action for putting her "elderly parents' lives in jeopardy," violations of 42 U.S.C. § 1983 and 1987 (due process violations, illegal access of her VA records, violation of equal protection under the Fourth, Fifth and Fourteenth Amendment, denial of her and her father's civil rights), Freedom of Information Act violations, violations of the Privacy Act of 1974, violations of 5 U.S.C. §§ 552(g) (FOIA violations and "corrupting" of her VA files) and 552a (electronic medical records fraud), violations of 18 U.S.C. §§ 241 (criminal conspiracy against her civil rights), 242 (deprivation of civil rights done under color of law), and 1581 (criminal violation by holding her father in peonage, related to attempts to "get" her father's home in Amarillo, Texas). She generally alleged a wide-spread conspiracy by the Veteran's Administration, all branches of the U.S. government, the States of Texas and California, and others, to defy the rule of laws, to officially oppress her, to violate her rights to privacy, to slander her, and to harm her and her parents' persons and properties.

Plaintiff Wright further alleged in her 2014 California suit state-law based claims of elder abuse of her father and mother, theft of her father's properties, financial misconduct relating to her and her parents' property, falsifying documents, slander based upon "scurrilous charges," false imprisonment of her father, civil and criminal fraud, negligence, numerous City and State actors' repeated failures to take preventative actions to safeguard her father's person and property, breach of contract and breach of warranty related to her father's purchase and use of a motorized wheelchair from an Amarillo, Texas, vendor, and unspecified privacy violations of financial, medical and personal history of herself and her father. During all relevant times her father resided in Amarillo, Texas. Plaintiff alleges that at all relevant time she had and continues to have a durable power of attorney allowing her to control her father's personal and financial affairs.

The third element of the federal *res judicata* doctrine is met here because the federal claims and causes of action asserted in both the 2014 California and 2015 Texas federal lawsuits are virtually identical. The only difference is that Plaintiff Wright asserted more claims, against more parties, in

the 2014 suit than she does in this 2015 suit. Virtually every federal claim and cause of action asserted in the 2014 California against all of the federal and Texas-based defendants has been reasserted in this 2015 Texas federal lawsuit./[2] Under the federal doctrine of *res judicata* all of her federal causes of action are barred. The Court will therefore analyze the state-law based claims under the Texas *res judicata* doctrine.

Even though some of Plaintiff Wright's claims in this suit are based under Texas law, the result is the same. The Texas doctrine of *res judicata,* as interpreted by the state courts, also bars all of those claims. "To determine whether the same claim is involved in two actions, we apply the transactional test of the Restatement (Second) of Torts § 24." *Eubanks vs. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992)(discussing and applying Texas' *res judicata* doctrine)./[3] "Under this approach, the critical issue is whether the two actions were based on the 'same nucleus of operative facts.'" *Eubanks*, 977 F.2d at 170. All of the facts asserted in the 2014 California federal lawsuit and in this 2015 Texas federal lawsuit arise out of the same nucleus of operative facts. Plaintiff's theories of damages are slightly different, because Plaintiff Wright alleges that her damages and her father's damages are accumulating and increasing over time.

"In this inquiry, we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Eubanks*, 977 F.2d at 170. *See also Nilsen*, 701 F.2d at 564 ("a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit"); *Alexander vs. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir.)("mere change in legal theory does not create a new cause of action" for *res judicata* purposes), *cert. denied*, 475 U.S. 1095, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1985). Claims are identical for *res judicata* purposes if the same cause of action includes "'all the remedial rights of the plaintiff against

---

[2]    Plaintiff Wright has not reasserted her criminal peonage cause of action in this lawsuit.

[3]    *Accord Ocean Drilling & Exploration Co. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 217 (5th Cir. 1986); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir. 1984); *Lane v. Peterson*, 899 F.2d 737, 742-44 (8th Cir.)(adopting transactional test), *cert. denied*, ___ U.S. ___, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990); *In re Energy Co-op*, 814 F.2d 1226, 1230-31 (7th Cir.) (same), *cert. denied*, 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987).

the defendants growing out of the relevant transactions.'" *Eubanks*, 977 F.2d at 172 (citing *Sure-Snap Corp. vs. State St. Bank & Trust*, 948 F.2d 869, 875 (2d Cir. 1991) and *Nilsen*, 701 F.2d at 560 n. 4).

Even if Plaintiff Wright had not actually brought all of the claims asserted in this 2015 lawsuit in her earlier 2014 suit, she could have all of those brought those claims there because the actions complained about in this suit occurred during or before the pendency of the 2014 lawsuit. "Even where there is an identity of claims, the doctrine of *res judicata* does not bar the second action unless the plaintiff could or should have brought its claim in the former proceeding." *Eubanks*, 977 F.2d at 173. *See also Commissioner vs. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)("Under th[e] rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial."); *Cromwell vs. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)(*res judicata* binds parties to a suit "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose"). As stated in *Miller vs. Meinhard-Commercial Corp.,* "any attempt by the parties or those in privity with them to relitigate any of the matters that were raised or could have been raised therein is barred under the doctrine *res judicata*." 462 F.2d at 360 (citations omitted). Therefore the fact that damages continue to accrue, and the harms to her and to her father are alleged to be ongoing, does not permit Plaintiff to avoid the *res judicata* bar because her claims and causes of action in both lawsuits arise from the same nucleus of operative facts.

### Identity of Parties

The party defendants are substantially the same in both lawsuits. The party-defendants as named and sued by Plaintiff Wright in this 2015 lawsuit are "United States of America, California," "Defendant United States of America, Texas," the State of California, Humboldt County, CA, "State of Texas, DADS" (Texas Department of Aging and Disability Services), the City of Amarillo, Texas, the Amarillo Police Department, the Thomas E. Creek VA (a U.S. Veteran's Administration facility), the Allegiance Behavioral Health, Kirkland Court Health & Rehabilitation, Joyce Course (named as the Administrator of Kirkland Court), "The Arbors Rehabilitation," "NW Texas Hospital," "BSA

Rehabilitation" (that is, the Baptist-St. Anthony's Rehabilitation services), Mobility Solutions, Inc., Jeff Gearhart of Marcus Thornton Realty in Lubbock, Texas, the Wells Fargo Bank of Amarillo, Texas, Tyrone Wright and Kevin Wright (alleged to be working with the City of Amarillo, the States of Texas and California, Wells Fargo Bank, Jeff Gearhart, and other parties and non-parties to "get" and sell her father's Amarillo home), and "Defendants & Does 1-100." *See* Plaintiff's First Amended Complaint at pages 3-6./[4]

The relevant party-Defendants named and sued by Plaintiff Wright in her 2014 California federal lawsuit, who are also named as Defendants in her 2015 Texas federal suit, are the "United States of America, et al.," the United States Department of Justice, United States of America Department of Veterans Affairs, the State of California, Humboldt County, CA, an entity named as the "Veterans Affairs California," Wells Fargo Bank (in Amarillo, "Eureka" and "CA"), the State of Texas, the Texas Attorney General's Office, the Texas Department of Disability and Aging (D.A.D.S.), "The Arbors" (which is actually the Baptist Community Affordable Housing Foundation d/b/a The Arbors, a nursing and medical rehabilitation entity located in Amarillo, Texas), "Kirkland Court Rehabilitation" of Amarillo, also then sued under the name of "Kirkland Court," Joyce Course (a Kirkland Court Health and Rehabilitation Center administrator/employee), Allegiance Behavioral, N.W. Texas Hospital of Amarillo, BSA Rehabilitation of Amarillo, the City of Amarillo, Texas and the Chief of Police of the City of Amarillo, Mobility Solutions, Inc. of Amarillo and its employee J. Selman. *See* Exhibits to Plaintiff Wright's Motion for a transfer of the California federal case to this Court, filed March 2, 2016 (document # 121-4 and -5) at pages 1 through 25 (Plaintiff's amended California federal complaint).

Under Texas law, a former judgment bars a second or subsequent suit against all who were parties to, or in "privity" with, the parties to the first suit. *Benson vs. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971). Those in privity with a party may include persons who exert control

---

[4]      The Clerk's docket sheet states that Marcus Thornton is a named defendant. However, Marcus Thornton is not a named party defendant in Plaintiff Wright's amended complaint. Marcus Thornton Realty in Lubbock, Texas, and Marcus Thornton, individually (if that person exists) were not named Defendants in the 2014 California, and are not named Defendants in this 2015 Texas federal case.

over the action and the acts of their agents or employees, as well as persons whose interests are represented by a party to the first suit, or successors in interest to that party. *See Dairyland County Mutual Ins. Co. of Texas vs. Childress*, 650 S.W.2d 770, 773-74 (Tex. 1983). *Accord Getty Oil Co. vs. Insurance Co. of N.Am.*, 845 S.W.2d 794, 800 (Tex. 1992), *cert. denied sub nom., Youell & Companies vs. Getty Oil Co.*, 510 U.S. 820, 114 S.Ct. 76, 126 L.Ed.2d 45 (1993). In other words, causes of action asserted individually against employees or agents sued in the second suit are barred by res judicata if their employer or principal was sued in the first suit., where the claims and causes of action arise out of the same nucleus of operative facts. Therefore J. Selman, an employee of named Defendant Mobility Solutions, Inc. of Amarillo, which was sued in the 2014 California suit and is again sued in the 2015 suit, is in privity with his employer for purposes of *res judicata.*

Similar to the federal doctrine, under Texas law a former judgment bars a second or subsequent lawsuit against all persons or entities who were parties to the first suit. The final California judgment was entered by a court of competent jurisdiction. The order dismissing Plaintiff Wrights' amended complaint with prejudice in the 2014 suit was a final judgment on the merits. *See Federated Dep't Stores, Inc. vs. Moitie*, 452 U.S. 394, 399 n.3 (1981)("The dismissal for failure to state a claim under Federal Ruled of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Fernandez Montes vs. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993).

All of the elements of *res judicata* are met here for most, but not all, of the named defendants. Plaintiff is therefore barred from bringing any of the claims asserted in this lawsuit against all but the three newly named Defendants. Dismissal of Plaintiff's claims here, again with prejudice, serves the doctrine's purpose not only by promoting judicial efficiency, but also by "avoiding repetitive litigation, conserving judicial resources, and preventing the moral force of court judgments from being undermined." *Haphey vs. Linn County*, 924 F.2d 1512, 1518 (9th Cir. 1991), *rev's in part on other grounds*, 953 F.2d 549 (9th Cir. 1992)(en banc). Plaintiff is bound by the previous federal order of dismissal for failure to state a claim against all of the named Defendants herein except for thee persons, who are discussed next.

*Non-Parties to the First Suit who are Sued in the Second Lawsuit*

The three parties in this 2015 lawsuit who were not named parties, or in privity to a named party to the 2014 California lawsuit, are Jeff Gearhart of Marcus Thornton Realty in Lubbock, Texas, Tyrone Wright, and Kevin Wright. Those three persons are alleged to be working with the City of Amarillo, the States of Texas and California, the Wells Fargo Bank, and other parties and non-parties to "get" her father's Amarillo home. It does not clearly appear in this record if these three persons are, or are not, somehow in privity with any of the named co-conspirator Defendants in the first suit. Plaintiff's claims against these three parties therefore can not be fairly dismissed pursuant to *res judicata*. Therefore the Court will address the additional dismissal grounds asserted in Gearhart's motion to dismiss. Tyrone Wright and Kevin Wright have not filed a motion to dismiss.

Defendant Gearhart's motion to dismiss requests a Rule 12(b)(6) dismissal because no facts are alleged which support a cause of action against him. The totality of the Plaintiff's amended complaint in this case, relevant to Gearhart and his employer Marcus Thornton Reality (which is not a named party-defendant), alleges as follows:

> Marcus Thornton, Jeff Gearhart, has continued to try and get the Property at 1107 N. Washington numerous times and I have at all times stated NO! Tyrone & Kevin [Wright] tried to sell the Property; and many Others. This Real Estate Corporation sent a Letter stating it is a "local Real Estate," and Offered to pay cash. The correlations between the City of Amarillo sending a decrease in property value: May, 8th 2014, [sic] the Non-Response to the Complaint/ Summons Served upon them; Kirkland Court keeping John Wright, away. The State of Texas DADS; Non-Response to Complaint/ Summons; The State of CA/ Wells Fargo Amarillo allowing all of John's money to be taken out of his account. The City of Amarillo Police Non-Response to Complaint/ Summons. Charges Negligence; 18 U.S.A. § 241 & §242; Violation of Fourteenth Amendment: Equal Protection; 42 U.S.C. § 1983 Civil Rights; Damages: $2,000,000.00.

The amended complaint further alleges that Gearhart is "working with L.C. Fuller, Kirkland Court, City of Amarillo, Kevin & Tyrone Wright, Wells Fargo Bank, State of CA, Social Security, Health and Human Services, et al. to get Reagan Estate 1107 N. Washington, Amarillo Texas 79109." *See Amended Complaint* at p.5, n.1. As to the Wrights, she further alleges that "Tyrone and Kevin Wright, while leaving John there alone languishing. Blocking my access." *See Id.* at p.10, n.19. It is unclear on these alleged facts how Gearhart or Tyrone and Kevin Right did what they are alleged to have wrongfully done.

Plaintiff's first-listed cause of action is negligence. Negligence is not actionable under § 1983. Plaintiff can bring no cause of action under Section 1983 for alleged negligence by any Defendant in failing to stop an illegal action, or negligently causing harm to her or her father. Negligence is not actionable under 42 U.S.C. § 1983. *Daniels vs. Williams,* 474 U.S. 327, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986). Plaintiff's "negligent violation of constitutional rights" allegations, however framed, therefore fail to state a claim upon which relief may be granted, and that claim is hereby dismissed against all three of the newly-named Defendants.

The second-listed cause of action is criminal violations of 18 U.S.C. §§ 241 and 242. There is no private right of action under 18 U.S.A. §§ 241 or 242. *See New vs. Texas Bd. of Pardons and Paroles,* No. 4:09-CV-146-Y, 2009 WL 1374892, at *2 (N.D. Tex. May 18, 2009); *Doyon vs. United States,* No. A-07-CA-977-SS, 2008 WL 2626837, at *4 (W.D. Tex. June 26, 2008). As such, Wright's claims against Gearhart and the Wrights under these two criminal statutes are not viable as a matter of law.

The third-listed cause of action is a Fourteenth Amendment equal protection violation. To the extent Plaintiff is alleging any Fourteenth Amendment violation by Gearhart, the above-cited portion of Plaintiff's complaint is nothing more than a bare averment for relief and conclusory statements alleging violations of the Fourteenth Amendment without any real factual underpinnings. The amended complaint claims a Fourteenth Amendment violation without any real explanation of its factual underpinnings. A court is not to strain to find inferences favorable to the plaintiff, and is not

to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC vs. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005).

The fourth and final-listed cause of action is a § 1983 civil rights violation. Plaintiff has not pled how 42 U.S.C. §1983 applies to Gearhart. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts that show she has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. vs. Brooks,* 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.,* 402 F.3d 545, 549 (5th Cir. 2005). Wright has not alleged that Gearhart himself violated any of her constitutional or federal rights, only that he tried (but according to her, failed) to "get" her father's property by apparently tendering a written offer to buy it for cash. Further, she has not alleged that Gearhart is himself a state actor or that he somehow acted under color of state law in making such an offer. A private entity acts under color of law when it is shown to have implemented an official governmental policy or when his actions are fairly attributable to the state government or an municipal entity created by state law. *See Rundus vs. City of Dallas,* 634 F.3d 309, 312 (5th Cir. 2011). Wright has alleged none of those facts with regard to Gearhart individually. Instead, her response to the motion to dismiss argues that the City of Amarillo Police Defendant failed to protect the property from urban blight, and that the States of Texas and California have caused the blight by keeping her father away from his home for years, thereby allegedly allowing it to be used as a drug den. Even assuming her factual allegations are true, her complaint fails to state a civil rights claim against Gearhart individually under this statute.

Also not sued in the California suit, but named as parties in this suit, are "Defendants & Does 1-100." *See Amended Complaint.* However, *Doe* Defendant are not viable parties in federal lawsuits such as this one. *John* or *Jane Doe* defendants can not be sued for federal torts. *See Craig vs. United States,* 413 F.2d 854, 855-56 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969)(*Doe* defendants not permitted); *Sigurdson vs. Del Guercio,* 241 F.2d 480, 482 (9th Cir. 1956)(*Doe* defendants dismissed); *Taylor vs. Federal Home Loan Bank Bd.,* 661 F.Supp. 1341, 1350 (N.D. Tex. 1982). Further, federal *Doe* defendants must be dismissed with prejudice where plaintiffs

improperly attempt to directly sue their alleged employer, but not the United States itself.

Finally, federal officials operating pursuant to their duties under federal laws and regulations are not subject to civil rights lawsuits brought under 42 U.S.C. § 1983, because no federal defendant therein operated under color of *state* law. *See Resident Council of Allen Parkway Village vs. United States Dept. of Housing and Urban Development,* 980 F.2d 1043, 1053 (5th Cir. 1993)(viable § 1983 claims require actions brought under color of state law); *Broadway vs. Block,* 694 F.2d 979, 981 (5th Cir. 1981). For those additional reasons, Plaintiff's § 1983 claims against all individual federal officers and against federal agencies as defendants must be dismissed with prejudice.

*Conclusions*

Plaintiff Wright has brought a successive federal lawsuit, mostly against the same Defendants, on the same claims and causes of action which were previously finally dismissed with prejudice in her earlier federal action. Plaintiff's claims against all but three of the named Defendants herein are therefore barred by *res judicata.* In addition, Plaintiff has failed to state a claim in her amended complaint upon which relief can be granted as to one of those three remaining defendants, Jeff Gearhart.

For all of the reasons stated in this order, Defendants' motions to dismiss with prejudice are granted as to all claims and causes of action asserted in this lawsuit against all of the named parties in this lawsuit, except Tyrone Wright and Kevin Wright. Plaintiff's negligence and criminal violations of 18 U.S.C. §§ 241 and 242 causes of action as to Tyrone Wright and Kevin Wright are also dismissed for failure to state a claim upon which relief can be granted.

A final judgment pursuant to this order will be entered dismissing all but Defendants Tyrone Wright and Kevin Wright, with prejudice and with costs awarded against the Plaintiff.

That dismissal includes all 100 of the *John* and *Jane Doe* defendant-parties.

The only named party-Defendants remaining in this lawsuit are Tyrone Wright and Kevin Wright, who have not filed a motion to dismiss or otherwise appeared in this suit. The only potentially viable causes of action asserted against Tyrone Wright and Kevin Wright are a Fourteenth Amendment

equal protection violation and a § 1983 civil rights violation related to the allegations that the Wrights "blocked access" to the Plaintiff's father and allegedly wrongfully tried to "get" her father's home through state actors and actions.

On or before **April 1, 2016,** Plaintiff Wright is to file a supplemental complaint detailing the facts – who did what, when, where, and how – regarding those two claims. Plaintiff is cautioned that she is not to reallege any dismissed claim or cause of action in her supplemental complaint; it is only to address her allegations that the Wrights "blocked access" to her father and allegedly wrongfully tried to "get" her father's home through state actors and actions.

Plaintiff's motion for entry of a default judgment in her favor against the State of California, which was a party defendant in the earlier federal lawsuit, is denied.

It is SO ORDERED.

Signed this the _____ day of March, 2016.


**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE